IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MATT GARCIA,**<br><br>    *Plaintiff,*<br><br>**v.**<br><br>**ROWAN WILSON,** *et al.,*<br><br>    *Defendants.* | **CIVIL ACTION NO.**<br>**5:26-cv-00305-TES** |

### ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

Pro se Plaintiff Matt Garcia commenced this civil action on July 22, 2026, by filing a complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. [Doc. 2]. District courts may allow a plaintiff to file a lawsuit without prepaying fees and costs under 28 U.S.C. § 1915. In relevant part, that statute states,

> [A]ny court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). An application is sufficient to warrant a waiver of fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."

*Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Upon review of Plaintiff's Motion, the Court **GRANTS** him leave to proceed IFP. [Doc. 2].

Since Plaintiff is proceeding IFP, § 1915(e) requires the Court to review his Complaint [Doc. 1] to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[1] 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that § 1915(e) generally "permits district courts to dismiss a case 'at any time' if [a] complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). A claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint, in its entirety, reads, "Defendants have undisclosed interests. The Court should order them to disclose." [Doc. 1]. These allegations fail to state a claim. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **without prejudice**. 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**, this 23rd day of July, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that pleadings filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

2